Argued and submitted January 5, reversed February 15, 2023

Shantelle RANDALL,
*Plaintiff-Respondent,*
*v.*
Marki VALK and all others,
*Defendant-Appellant.*
Linn County Circuit Court
22LT01290; A178118

525 P3d 889

Tenant appeals from a general judgment of restitution of possession of the leased premises to landlord, asserting that the trial court erred in denying his motion for judgment on the pleadings, and also erred in determining on the merits that landlord was entitled to possession of the premises. *Held*: The trial court erred in determining that landlord was entitled to possession and in entering a judgment of restitution of the premises, because the notice of termination did not include within it the information required by ORS 408.515 and ORS 90.391, relating to resources for veterans.

Reversed.

Michael B. Wynhausen, Judge.

Steven M. Crawford argued the cause for appellant. On the brief were Helen Toloza, Emily Rena-Dozier, and Legal Aid Services of Oregon.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed.

**TOOKEY, P. J.**

In this forcible entry and detainer (FED) proceeding brought pursuant to ORS 105.115,[1] tenant appeals from a general judgment of restitution of possession of the premises to landlord, asserting that the trial court erred in denying his motion for judgment on the pleadings, and also erred in determining on the merits that landlord was entitled to possession of the premises. For the reasons explained in this opinion, we conclude that the notice of termination of the tenancy was invalid and must be dismissed. We therefore reverse the judgment.

The underlying facts are undisputed. Tenant rented a residence from landlord pursuant to an oral agreement for a month-to-month tenancy. Landlord filed a residential eviction complaint in the Linn County Circuit Court, alleging that landlord had given tenant a notice of termination of the tenancy under ORS 90.427, a provision of the Oregon Residential Landlord Tenant Act (ORLTA),[2] and that tenant

---

[1] ORS 105.115(2) provides:

"In the case of a dwelling unit to which ORS chapter 90 applies:

"(a) The following are causes of unlawful holding by force within the meaning of ORS 105.110 and 105.123:

"(A) When the tenant or person in possession of any premises fails or refuses to pay rent within the time period required by a notice under ORS 90.394.

"(B) When a rental agreement by its terms has expired and has not been renewed, or when the tenant or person in possession remains in possession after a valid notice terminating the tenancy pursuant to ORS chapter 90, or is holding contrary to any valid condition or covenant of the rental agreement or ORS chapter 90.

"(b) A landlord may not file an action for the return of possession of a dwelling unit based upon a cause of unlawful holding by force as described in paragraph (a) of this subsection until after the expiration of a rental agreement for a fixed term tenancy or after the expiration of the time period provided in a notice terminating the tenancy.

"(3) In an action under subsection (2) of this section, ORS chapter 90 shall be applied to determine the rights of the parties, including:

"(a) Whether and in what amount rent is due;

"(b) Whether a tenancy or rental agreement has been validly terminated; and

"(c) Whether the tenant is entitled to remedies for retaliatory conduct by the landlord as provided by ORS 90.385 and 90.765."

[2] ORS 90.427 provides, in part:

"(3) If a tenancy is a month-to-month tenancy:

remained in possession of the premises after the time allowed by the notice. Landlord attached to the complaint a copy of the notice of termination.

Tenant's attorney filed an answer, asserting that landlord was not entitled to possession because, among other reasons, the notice of termination had not included the information required by ORS 90.391 and ORS 408.515,[3] relating to resources for veterans. Tenant raised the same argument at a pretrial hearing and asked for judgment on the pleadings. Landlord, appearing *pro se*, stated that, although she had not included the required veterans' information in the notice of termination itself, she had provided the information as an attachment to the notice of termination.

The court concluded, as a matter of statutory construction, that ORS 408.515 is satisfied if the veterans' information is included *with* the notice of termination, and that it need not be contained in the notice itself. The court said that it would determine, based on the evidence presented at trial, whether landlord had satisfied that requirement. The court therefore denied tenant's motion for judgment on the pleadings, and the matter proceeded to trial.

As her case-in-chief at trial, landlord testified that she had not included the veterans' information required by ORS 408.515 in the notice itself but had provided it as an attachment to the notice, and that she had also included the required information in the summons.

___

"(a) At any time during the tenancy, the tenant may terminate the tenancy by giving the landlord notice in writing not less than 30 days prior to the date designated in the notice for the termination of the tenancy.

"(b) At any time during the first year of occupancy, the landlord may terminate the tenancy by giving the tenant notice in writing not less than 30 days prior to the date designated in the notice for the termination of the tenancy.

"(c) Except as provided in subsection (8) of this section, at any time after the first year of occupancy, the landlord may terminate the tenancy only:

"(A) For a tenant cause and with notice in writing as specified in ORS 86.782(6)(c), 90.380(5), 90.392, 90.394, 90.396, 90.398, 90.405, 90.440 or 90.445; or

"(B) For a qualifying landlord reason for termination and with notice in writing as described in subsections (5) and (6) of this section."

[3] We quote those provisions later in this opinion.

After trial, the court found that landlord had provided timely notice of termination under ORS 90.427, and that she had also provided the veterans' information required by ORS 408.515. The court therefore directed tenant to make restitution of the premises.

On appeal, tenant contends that the trial court committed several reversible errors. Because it is dispositive, we address only tenant's third assignment of error, in which he contends that the trial court erred in granting possession of the premises to landlord because the notice of termination did not include the veterans' information required by ORS 408.515.

Tenant's third assignment presents an issue of statutory construction that we review as a matter of law and that we consider under the template of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), by examining the statute's text in context, then considering any relevant legislative history and, if necessary, general maxims of statutory construction.

ORS 90.391 provides:

"Except as provided in ORS 408.515(3), *a notice of termination* of tenancy under any provision of this chapter *must include* the information required by ORS 408.515."

(Emphases added.) ORS 408.515, in turn, provides:

"(1)   Except as provided in subsection (3) of this section, a person who sends or serves a document listed in subsection (2) of this section *shall include the following information with the document.*

"(a)   A statement that if the recipient is a veteran of the armed forces, assistance may be available from a county veterans' service officer or community action agency; and

"(b)(A) Contact information for a service officer appointed under ORS 408.410 for the county in which the recipient lives and contact information for a community action agency that serves the area where the recipient lives; or

"(B)  A statement that contact information for a local county veterans' service officer and community action agency may be obtained by calling a 2-1-1 information service.

"(2)  This section applies to the following documents:

"(a)  A notice of termination of tenancy under any provision of ORS chapter 90;

"(b)  A summons in an action under ORS 105.110 for forcible entry or detainer;

"(c)  A summons in an action under ORS 88.010 to foreclose a lien upon residential real property; and

"(d)  A notice under ORS 86.756 of foreclosure of a residential trust deed.

"(3)  This section does not apply to documents sent or served by the judicial department, as defined in ORS 174.113.

"(4)  As used in this section, 'residential real property' means a single-family, owner-occupied dwelling and appurtenances."

(Emphasis added.) The italicized portions of the two provisions are potentially inconsistent: ORS 90.391 requires that the notice of termination *include* the information set forth in ORS 408.515; ORS 408.515, in contrast, requires that the information be *included with* the notice of termination. As noted, the trial court reasoned that the requirements of ORS 90.391 and ORS 408.515 are satisfied if the required information is provided with the notice of termination, and that the statute does not require that the information be *in* the notice of termination. Tenant argues that the texts and context of ORS 90.391 and ORS 408.515 require that the information be included in the notice of termination itself, and that a notice that does not have the information in it is invalid.

We conclude that the information required by ORS 90.391 and ORS 408.515 must be included *in* the notice of termination. ORS 90.391 and ORS 408.515 were enacted by the legislature in 2019, effective January 1, 2020, as parts of

the same bill, House Bill 2530. Or Laws 2019, ch 405.[4] ORS 408.515(1) was enacted as section 1 of House Bill 2530. As noted, it states that a person who sends or serves a document listed in subsection (2) of ORS 408.515 (including a notice of termination of residential tenancy) "shall *include* the following information *with the document*." (Emphases added.) It does not state that the information must be included *in* the document. Thus, it is understandable that the trial court, reading ORS 408.515 in isolation, concluded that the statute is satisfied if the required information is included with the notice of termination, even if it was not in the notice itself.

But ORS 90.391 was enacted as section 3 of the same bill. Or Laws 2019 ch 405 § 3. It provides: "[A] notice of termination of tenancy under any provision of this chapter *must include* the information required by ORS 408.515." (Emphasis added.) Section 3 of House Bill 2530 is mandatory,

---

[4] House Bill 2530 provided:

"Be It Enacted by the People of the State of Oregon:

"SECTION 1.

"(1) Except as provided in subsection (3) of this section, a person who sends or serves a document listed in subsection (2) of this section shall include the following information with the document:

"(a) A statement that if the recipient is a veteran of the armed forces, assistance may be available from a county veterans' service officer or community action agency; and

"(b)(A) Contact information for a service officer appointed under ORS 408.410 for the county in which the recipient lives and contact information for a community action agency that serves the area where the recipient lives; or

"(B) A statement that contact information for a local county veterans' service officer and community action agency may be obtained by calling a 2-1-1 information service.

"(2) This section applies to the following documents:

"(a) A notice of termination of tenancy under any provision of ORS chapter 90;

"(b) A summons in an action under ORS 105.110 for forcible entry or detainer[.]

"* * * * *

"SECTION 2.

"Section 3 of this 2019 Act is added to and made a part of ORS chapter 90.

"SECTION 3.

"Except as provided in section 1 (3) of this 2019 Act, a notice of termination of tenancy under any provision of this chapter must include the information required by section 1 of this 2019 Act."

*Fields v. Fields*, 213 Or 522, 528, 307 P2d 528, *on reh'g*, 213 Or 531, 326 P2d 451 (1958) ("must" means mandatory), and unambiguously requires that the notice of termination itself must include the information required by ORS 408.515. *See Webster's Third New Int'l Dictionary*, 1143 (unabridged ed 2002) (defining "include": "**1 :** to shut up **:** CONFINE, ENCLOSE, BOUND <The nutshell ~*s* the kernel> <that divine spark *included* in every human being> **2 a :** to place, list, or rate as a part or component of a whole \* \* \* **b :** to take in, enfold, or comprise as a discrete or subordinate part or item of a larger aggregate, group, or principle[.]"

House Bill 2530, "Relating to housing for veterans," provides context for both ORS 90.391 and ORS 408.515. *See Gaucin v. Farmers Ins. Co.*, 209 Or App 99, 105, 146 P3d 370 (2006) (referring to bill in which statute was enacted as context); *Young v. State of Oregon*, 161 Or App 32, 35, 983 P2d 1044, *rev den*, 329 Or 447 (1999) (context "may include other provisions of the same statute and related statutes, prior enactments and prior judicial interpretations of those and related statutes, and the historical context of the relevant enactments" (internal citations omitted)); *see also Dalbeck v. Bi-Mart Corp.*, 315 Or App 129, 135, 500 P3d 711 (2021) (same, citing *Young*). The legislature's enactment of both provisions as part of the same bill is significant; it shows an intention that the two provisions are interconnected. As structured, sections 1 and 3 of House Bill 2530, as subsequently codified at ORS 408.515 and ORS 90.391, work together, and demonstrate an intention that the information referred to in section 3 of House Bill 2530 (ORS 408.515) must be contained *in* the notice of termination of the tenancy described in section 1 of House Bill 2530. Reading the two statutes as interpreted by the trial court, to permit the information to be included in a separate document, risks defeating the legislature's intention of ensuring that veterans be advised of resources available to them.

Although the trial court found that landlord provided the veterans information with the notice of termination, it is undisputed that the notice itself did not include the information required by ORS 408.515. A notice that fails to comply with statutory requirements for its contents is invalid. *See Hickey v. Scott*, 370 Or 97, 101-02, 515 P3d 368

(2022) (when the notice states an incorrect amount that is greater than the amount actually due, the notice is invalid, and any subsequent FED action relying on that notice is likewise invalid and requires dismissal); *Greene v. Hren*, 224 Or App 223, 233, 197 P3d 1118 (2008) (the landlord in an eviction action governed by the ORLTA must establish the giving of the required statutory notice). Thus, we agree with tenant that the notice of termination was not valid. The trial court therefore erred in granting landlord possession of the premises. *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 219, 460 P3d 494 (2020) ("[T]he operative facts in an FED action for possession of a dwelling unit governed by the ORLTA are, at a minimum, that the landlord gave the tenant a valid notice in accordance with a particular statutory provision of the ORLTA and that the tenant remained in possession of the unit after the time period specified in the notice expired."); ORS 105.115 (authorizing an FED action when the "tenant or person in possession remains in possession after a *valid* notice terminating the tenancy" (emphasis added)).[5] For that reason, we reverse the judgment of restitution.

Reversed.

---

[5] In view of our disposition, we need not address tenant's first assignment of error, in which he contends that the trial court erred in denying his motion for judgment on the pleadings under ORCP 54 B(2), or his second assignment, in which he contends that the trial court erred in admitting landlord's notice of the termination of the tenancy through judicial notice of the document attached to landlord's complaint.