***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 12, 2022; general judgment reversed, supplemental
judgment awarding attorney fees reversed March 15, 2023

Mark DOWNEY,
*Plaintiff-Respondent,*

*v.*

Ariel HARTWELL et al.,
*Defendants,*
*and*

Sheri WHITING,
Joe Whiting, Sean Carnahan,
and David Whelan,
*Defendants-Appellants.*

Multnomah County Circuit Court
21LT01382; A176342

Angel Lopez, Senior Judge.

Frank Wall filed the brief for appellants.

No appearance for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and
Pagán, Judge.

MOONEY, J.

General judgment reversed, supplemental judgment award-
ing attorney fees reversed.

**MOONEY, J.**

This is an appeal from a "Landlord Tenant Eviction Judgment" (general judgment) that awarded plaintiff (landlord) possession of his rental home after denying defendants' motions to dismiss. Four of the named defendants (tenants) filed this appeal. In their first assignment of error, we understand tenants to challenge the trial court's denial of their motion to dismiss based on its erroneous conclusion "that tenants were an organization and that giving one tenant a notice of termination was service on all tenants." In their second assignment of error, tenants challenge the court's denial of their motion to dismiss on the ground that landlord's claims were not sufficiently specific.

As to the first assignment of error, we conclude that the trial court erred in denying tenants' motion to dismiss because there was no evidence that tenants were an organization for purposes of service of notice; therefore, landlord failed to provide adequate notice of termination to tenants as required under the Oregon Residential Landlord Tenant Act (ORLTA). Because that issue is dispositive, we need not address tenants' second assignment of error. Therefore, we reverse the general judgment. As a result, we also reverse the supplemental judgment awarding landlord his attorney fees. *See* ORS 20.220(3)(a) ("If the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]"); *State ex rel Select Reform Com. v. City of Jefferson*, 306 Or App 239, 246, 474 Or App 399 (2020) ("If we reverse the general judgment, the attorney fee award in the supplemental judgment will also be reversed by operation of law; there is no need to appeal the supplemental judgment to obtain that relief.").

The following background facts are undisputed. Landlord entered into a rental agreement with Olson. The agreement provided, in relevant part, that Olson was "to use the premises only as a residence for himself, and no more than 6 other tenants." Olson took possession of the house and began renting rooms and sleeping space in the house to others. At several points in time, occupancy of the house exceeded the six permitted occupants, with as many as 15 people living in the home at various times. There were

also multiple bathroom floods and significant damage to the exterior and interior of the house.

Landlord commenced eviction proceedings, alleging that tenants had violated the lease by exceeding the occupancy limit and by inflicting substantial damage to the property. At trial, landlord testified that service of the required written notices was accomplished by personal delivery on two tenants—Olson and Harris—both of whom vacated the premises before trial and neither of whom is a party to this appeal. The 10-day termination notice required under ORS 90.392 included language that it had been "[p]ersonally delivered on *** March 24, 2021," and the 24-hour termination notice required under ORS 90.396 included language that it had been "[p]ersonally delivered to tenant on March 26, 2021."

At the close of landlord's case-in-chief and again in closing, defendants moved to dismiss the case on the ground that notice was not adequately served under ORS 90.155 because not all of the named defendants had received termination notices. Responding to defendants' motion, landlord argued that ORS 90.155 provides "that tenant, singular, needs to be served." He further argued that a "tenant" is a "person," ORS 90.100(47); that a "person" is an individual or an "organization," ORS 90.100(33); and that an "organization" is defined, for purposes of the ORLTA, to include "two or more persons having a joint or common interest," ORS 90.100(31). He argued that, "[c]learly, these folks all had a joint or common interest in the premises," he likened them to a "family," and he urged the court to find that service on one was service on all and to deny the motion. The court denied defendants' motion, treating it as a motion for directed verdict[1] and, ultimately, entered judgment in favor of landlord. Tenants now appeal, renewing their argument from below.[2]

_____

[1] Although the court treated defendants' motion as a motion for directed verdict under ORCP 60, because it was a bench trial, it is more properly understood as a motion to dismiss under ORCP 54 B(2). *See Marlow v. City of Sisters*, 281 Or App 462, 465, 383 P3d 908 (2016) (concluding that directed verdicts under ORCP 60 are reserved for jury trials and that ORCP 54 B(2) is the appropriate analog for bench trials).

[2] Landlord does not appear on appeal.

When reviewing a denial of an ORCP 54 B(2) motion to dismiss a claim, we "review the entire record to determine whether sufficient evidence was presented to establish a *prima facie* case on the applicable claim, viewing the evidence and all reasonable inferences that may be drawn from it in the light most favorable to" the nonmoving party. *Sause and Schnitzer*, 312 Or App 71, 75, 493 P3d 1071 (2021), *rev allowed*, 368 Or 787 (2021). We review the legal conclusions of the trial court for errors of law. *Id*.

ORS 90.392(1) (termination of tenancy for cause) and ORS 90.396(1) (termination of tenancy for other acts or omissions) require that the tenant be provided with "written notice" of termination before the landlord may terminate the rental agreement and take possession of the rented property. ORS 90.155 provides, as relevant here:

"(1)   [Subject to exceptions not relevant here,] where this chapter requires written notice, service or delivery of that written notice shall be executed by one or more of the following methods:

"(a)   Personal delivery to *the* landlord or *tenant*;

"(b)   First class mail to *the* landlord or *tenant*; or

"(c)   If a written rental agreement so provides, both first class mail and attachment to a designated location."

(Emphases added.) Without proper service of a termination notice, the landlord is not entitled to a judgment of restitution. *See Randall v. Valk*, 324 Or App 251, 525 P3d 889 (2023) (reversing forcible entry and detainer judgment when written notice delivered by landlord to tenants did not comply with statutory requirements).

The parties do not appear to disagree that tenants were "tenants" for purposes of the ORLTA. Given that tenants were essentially "roomers," that makes sense. *See Torbeck v. Chamberlain*, 138 Or App 446, 452, 910 P2d 389, *rev den*, 323 Or 265 (1996) (concluding that "roomers" are "tenants" for purposes of the ORLTA). However, there is no evidence that tenants were an organization. ORS 90.100(31) defines an organization as including "a corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership or association, two or

more persons having a joint or common interest, and any other legal or commercial entity." Here, landlord presented no evidence to support his argument that defendants had a joint interest—or even a common interest—in anything. The fact that some defendants vacated the rooming house before trial was evidence that defendants did *not*, in fact, have a common interest, and that defendants' only interest was maintaining their own individual tenancies at the rooming house. Thus, defendants were individual tenants; they were not an organization. On this record, it was error for the court to conclude otherwise. Because landlord failed to establish that he personally delivered or mailed notice of termination to each such tenant, the court erred in denying tenant's motion to dismiss on that ground.

General judgment reversed; supplemental judgment awarding attorney fees reversed.