Argued and submitted April 5, 2023, affirmed May 17, 2023, petition for review allowed October 5, 2023 (371 Or 476)
See later issue Oregon Reports

## KKMH PROPERTIES, LLC,
*Plaintiff-Respondent,*

*v.*

## Michael P. SHIRE
## and all other occupants,
*Defendant-Appellant.*

## Lane County Circuit Court
## 21LT01841; A176826

530 P3d 531

In this forcible entry and detainer (FED) action seeking restitution of possession of a residential dwelling unit, defendant, the tenant, appeals from a judgment awarding possession of the premises to plaintiff, the landlord, contending that the trial court erred in denying defendant's motion to dismiss because the notice of termination of the tenancy did not include a notice of an opportunity to cure the violation of the rental agreement. *Held*: The Court of Appeals explained that under the pertinent statutes, the landlord makes an initial determination, subject to an obligation of good faith, whether the tenant must be given notice of an opportunity to cure the violation of the rental agreement, based on whether the violation is one that reasonably can be cured within the minimum 14-day time period for cure that a landlord is required to provide under ORS 90.392 (4)(a)(A). The court held that the evidence in the record supported the trial court's determination that plaintiff's failure to provide notice of an opportunity to cure was excused, because plaintiff reasonably determined that the violations were not reasonably subject to cure within that period.

Affirmed.

Jay A. McAlpin, Judge.

Harry Ainsworth argued the cause and filed the brief for appellant.

Brian D. Cox argued the cause for respondent. Also on the brief was Law Offices of Brian Cox.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this forcible entry and detainer (FED) action seeking restitution of possession of a residential dwelling unit, defendant, the tenant, appeals from a judgment awarding possession of the premises to plaintiff, the landlord, contending that the trial court erred in denying defendant's motion to dismiss, because the notice of termination of the tenancy did not include a notice of an opportunity to cure the violation of the rental agreement. Defendant's assignments of error relate to the trial court's denial of defendant's motion to dismiss based on plaintiff's failure to give the required notice or the sufficiency of the evidence relating to the ability to cure. We conclude that the trial court did not err in denying the motion to dismiss and therefore affirm.

The statutory context for the appeal is ORS 90.392, which provides, in part:

"(1)   Except as provided in this chapter, after delivery of written notice a landlord may terminate the rental agreement for cause and take possession as provided in ORS 105.105 to 105.168, unless the tenant cures the violation as provided in this section.

"(2)   Causes for termination under this section are:

"(a)   Material violation by the tenant of the rental agreement. * * *

"* * * * *

"(3)   The notice must:

"(a)   Specify the acts and omissions constituting the violation;

"(b)   Except as provided in subsection (5)(a) of this section, state that the rental agreement will terminate upon a designated date not less than 30 days after delivery of the notice; and

"(c)   If the tenant can cure the violation as provided in subsection (4) of this section, state that the violation can be cured, describe at least one possible remedy to cure the violation and designate the date by which the tenant must cure the violation.

"(4)(a)   If the violation described in the notice can be cured by the tenant by a change in conduct, repairs, payment of money or otherwise, the rental agreement does not terminate if the tenant cures the violation by the designated date. The designated date must be:

"(A)   At least 14 days after delivery of the notice; or

"(B)   If the violation is conduct that was a separate and distinct act or omission and is not ongoing, no earlier than the date of delivery of the notice as provided in ORS 90.155. For purposes of this paragraph, conduct is ongoing if the conduct is constant or persistent or has been sufficiently repetitive over time that a reasonable person would consider the conduct to be ongoing.

"(b)   If the tenant does not cure the violation, the rental agreement terminates as provided in the notice."

The facts are largely undisputed. Plaintiff provided defendant with a "for cause" notice of termination of a residential rental agreement, based on defendant's material violation of the rental agreement in causing extensive damage to the premises by allowing water to leak and having kept 277 uncaged guinea pigs.[1] It is undisputed that the damage to the premises included damage to the flooring, ceilings, walls, cabinets, fixtures, appliances, trim, and other portions of the premises. The notice of termination did not provide defendant with an opportunity to cure the violation. When defendant did not vacate the premises by the required date, plaintiff brought this eviction action.

Defendant sought to dismiss the action, asserting that plaintiff's notice of termination was invalid, because it did not provide defendant with notice of an opportunity to cure the violation. There was evidence that the anticipated repairs would cost between $20,000 and $100,000. Although defendant acknowledged that he did not have money to make the repairs, he said that he hoped to be able to collect funds from church friends. The trial court found that the damages to the premises were extensive, with the cost to repair between $20,000 and $100,000, and that, although the

---

[1] The guinea pigs had been removed from the premises at the time of the notice.

premises were capable of "eventual restoration," they were not reasonably capable of being cured by defendant within the minimum 14-day time period for cure that a landlord is required to provide under ORS 90.392(4)(a)(A). Therefore, the court held, the absence of notice of an opportunity to cure the violations was excused.

On appeal, plaintiff acknowledges that it did not give the required notice of an opportunity to cure but asserts that the notice was not required, because the violation was not one that the tenant could cure. And defendant acknowledges that he did not have the resources to make the necessary repairs; but he contends that, under ORS 90.392, the standard for determining whether a violation is one that *can* be cured (so as to require notice of an opportunity to cure) is whether the violation is "objectively" of a type for which an opportunity to cure *must* be provided, because it is a violation that is capable of being cured through a "change in conduct, repairs, payment of money or otherwise," as described in ORS 90.392(4). In other words, in defendant's view, certain damages—those that can be cured through the means listed in ORS 90.392(4)—are curable as a matter of law. Defendant contends that the trial court's analysis incorrectly leaves the initial determination whether a violation can be cured to the landlord, to determine "subjectively" whether the violation is one that is capable of being cured by the tenant. Defendant argues that, here, once the court determined that the violations were of the type that could be cured through "change in conduct, repairs, payment of money or otherwise," the court should have concluded that the violation was curable as a matter of law and that the notice was defective in failing to provide defendant with an opportunity to cure. In the absence of the inclusion of notice of such an opportunity, defendant contends, the notice was invalid, and the trial court therefore erred in denying defendant's motion to dismiss. *See Hickey v. Scott*, 370 Or 97, 110, 515 P3d 368 (2022) (it is the landlord's burden to "demonstrate that it delivered a particular, valid notice that effectively terminated the rental agreement"); *Randall v. Valk*, 324 Or App 251, 257, 525 P3d 889 (2023) ("A notice that fails to comply with statutory requirements for its contents is invalid.").

Plaintiff responds that ORS 90.392 unambiguously assigns to the landlord the "subjective" determination whether the violation is curable. In this case, plaintiff contends, the evidence supports the trial court's determination that the notice was not required, because the repair of the damage was so costly and extensive that defendant could not reasonably have cured the violations within the minimum 14-day period that plaintiff would have been required to give defendant under ORS 90.392.

The parties' arguments present a question of statutory construction that we analyze pursuant to the methodology described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), and *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), evaluating statutory text in context, considering any helpful legislative history, and turning to canons of construction as necessary.

The parties do not dispute that it is the landlord who must determine whether the violation is one that can be cured so that the tenant must be given notice of an opportunity to cure, and we agree that that is the correct reading of the statute. The landlord makes the initial determination, subject to review by the court, whether the violation is one that can be cured by the tenant.[2] The parties describe the disputed question of statutory construction as being about *how* that determination is to be made by the landlord: whether ORS 90.392(3) and (4) state an "objective" or a "subjective" standard for determining if the tenant can cure the violation and when the notice of an opportunity to cure must be given. Defendant argues that the standard is "objective"—meaning that a tenant must be given notice of an opportunity to cure if the violation is potentially curable by one of the methods set out in ORS 90.392(4)(a). Plaintiff

---

[2] Under ORS 90.392(3), it is the landlord who must provide notice (1) that the violation can be cured; (2) how the violation can be cured; and (3) the length of time available to cure the violation. And it is the landlord who determines, under ORS 90.392(4)(a), whether the violation has been cured. If it is the landlord who must provide notice that the violation is one that can be cured, how it may be cured, the time within which it must be cured, and whether it has been cured, necessarily, it must also be the landlord who makes the initial determination whether the violation reasonably is one that can be cured by one of the means listed in ORS 90.392(4).

responds that the standard is "subjective," meaning that the determination whether the tenant can cure the violation is one to be made by the landlord in the first instance, depending, at least in part, on the particular tenant's ability to cure the violation by making the necessary repairs.

As we view it, the question is not so much about whether the determination is "objective" or "subjective," *per se*, but about under what circumstances ORS 90.392(3) and (4) require that a tenant be provided with notice of an opportunity to cure. ORS 90.392(3) states that the requirement for the landlord to give notice (1) that the violation can be cured, (2) of a possible remedy for the cure, and (3) the date by which the cure must occur, arises only "[i]*f the tenant can* cure the violation as provided in subsection (4)." ORS 90.392(3)(c) (emphasis added). ORS 90.392(4)(a), in turn, states that *if* the violation can be cured by the tenant by a "change in conduct, repairs, payment of money or otherwise,"—by, essentially, *any* means—the rental agreement does not terminate, *if* the tenant cures the violation by the date designated by the landlord, no sooner than 14 days after the notice. Thus, it would seem that not all violations are subject to being cured or subject to notification of an opportunity to cure and that there must be an initial determination whether "the tenant can cure the violation as provided in subsection (4)."

In plaintiff's view, the landlord makes the determination based on the particular tenant's ability (financial and practical) to make the necessary repairs. In defendant's view, the violation is one that can be cured if the violation is one that is subject to cure by one of the means listed in ORS 90.394(4)(a), without reference to whether the particular tenant has the ability to cure the violation.

We think that the correct construction of the statute lies between those two views. Under both ORS 90.392(3) and (4), notice must be given only *if* the violation is one that *can* be cured by the tenant by one of the means listed in ORS 90.392(4)(a). ORS 90.392(4)(a) continues by stating that the rental agreement shall not terminate "if the tenant cures the violation by the designated date." The designated date, in turn, must be "[a]t least 14 days after delivery of the

notice." Here, as noted, the trial court found that, although the damage to defendant's apartment could be cured by one of the means listed in ORS 90.392(4), it could not be cured within the minimum 14-day period, thereby excusing the requirement to give notice. Thus, as the trial court understood the statute, if the notice is not given, and the landlord establishes that the violation could not have been remedied within the minimum 14-day period, the absence of a notice of an opportunity to cure does not invalidate the termination.

We conclude that the trial court's construction of the statute was largely correct. The requirement to give notice of an opportunity to cure is dependent on the landlord's assessment whether the violation is one that reasonably *can* be cured within the minimum time period required by ORS 90.392(4)(a)(A) (or the time period provided by the landlord). Contrary to plaintiff's contention, that does not include the landlord's assessment of the tenant's particular financial ability to cure the violation; rather, it only requires a determination by the landlord whether the violation is one that is reasonably capable of being cured within the prescribed time, *i.e.*, within the minimum notice period that the landlord is required to give. That determination is also subject to the statutory obligation of good faith that applies to all duties under Oregon's Residential Landlord and Tenant Act. *See* ORS 90.130 ("Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement."); ORS 90.100(19) (defining "good faith" to mean "honesty in fact in the conduct of the transaction concerned").

In defendant's view, the legislative history of ORS 90.392 requires the conclusion that if the violation is one that can be cured through any means (a "change in conduct, repairs, payment of money or otherwise"), ORS 90.392(4)(a), the landlord *must* offer an opportunity to cure. Defendant explains that *former* ORS 90.400(1)(a) (1993), *repealed by* Or Laws 2005, ch 391, § 7, provided:

"Except as provided in this chapter, if there is a material noncompliance by the tenant with the rental agreement, a noncompliance with ORS 90.325 materially affecting

health and safety, a material noncompliance with a rental agreement regarding a program of recovery in drug and alcohol free housing or a failure to pay a late charge pursuant to ORS 90.260 or a utility or service charge pursuant to ORS 90.315(4), the landlord may deliver a written notice to the tenant terminating the tenancy for cause as provided in this subsection. The notice shall specify the acts and omissions constituting the breach and shall state that the rental agreement will terminate upon a date not less than 30 days after delivery of the notice. *If the breach is remediable by repairs, payment of damages, payment of a late charge or utility or service charge, change in conduct or otherwise, the notice shall also state that the tenant can avoid termination by remedying the breach within 14 days*."

(Emphasis added.) Defendant asserts that the text of *former* ORS 90.400 (1993) ("If the breach is *remediable*" by one of the listed methods (emphasis added)) stated an "objective" standard for determining whether a violation was of the type that was subject to cure and did not depend on a determination by the landlord as to whether the violation could be cured. ORS 90.400 (1993) was repealed in 2005, Or Laws 2005, ch 391, § 7, and replaced with ORS 90.392. Defendant argues that the legislative history shows that the text of ORS 90.392 was not intended to make substantive changes to *former* ORS 90.400 (1993); therefore, he contends, the current text should be viewed as maintaining the objective standard that he asserts was applicable under *former* ORS 90.400 (1993).[3]

Defendant correctly points out that under the text of *former* ORS 90.400 (1993), a notice was required if the violation was "remediable" by one of the means described in

---

[3] In written testimony presented on June 1, 2005, to the Senate Rules Committee on House Bill 2524A, a representative of the Lane County Law and Advocacy Center testified:

"Other parts of ORS 90.400(1) have not changed, such as the requirement that the 30 day notice specify—designate—the date when the tenancy ends, if the tenant fails to cure. Nor is there any change regarding the issue of whether a violation can be cured: tenant advocates think that all violations can be cured, while landlord advocates think not, and the new language doesn't address that issue any more than the existing language does."

Testimony, Senate Committee on Rules, HB 3524, June 1, 2005 (statement of John Vanlandingham).

the statute, suggesting an objective standard rather than a subjective evaluation whether the particular tenant is able to cure the violation. Further, it appears from the legislative history that the 2005 amendments that resulted in ORS 90.392 were not *intended* to effect a substantive change. But neither the text of *former* ORS 90.400 (1993) nor the legislative history of ORS 90.392(4) addresses how the determination was to be made whether the violation was "remediable" or "can" be cured. If, as defendant argues, the legislature intended that an opportunity to cure was required for any violation that *could be* cured by one of the means described in ORS 90.392(4)(a), it could have so stated. Instead, with the amendments made to the statute in 2005, the legislature stated that the notice must be given *if* the violation is one that *can* be cured. A violation is one that *can'* be cured if the tenant is able to cure it. *See Webster's Third New Int'l Dictionary* 323 (unabridged ed 2002) (defining "can" as "to be able to do, make, or accomplish"). That implies at least an assessment as to whether the violation is one that can be cured. In our view, that assessment includes consideration whether the violation is one that can reasonably be cured within the required notice period.

The legislature knows how to mandate notice of an opportunity to cure for certain violations. *See, e.g.*, ORS 90.394(3) (requiring notice to provide statement of the amount in default and the time to cure default in payment of rent); ORS 90.396(2) ("If the cause for a termination notice given pursuant to subsection (1) of this section is based upon the acts of the tenant's pet, the tenant may cure the cause and avoid termination of the tenancy by removing the pet from the premises prior to the end of the notice period. The notice must describe the right of the tenant to cure the cause."). It has not done so in ORS 90.392, instead requiring notice only *if* the violation is one that *can* be cured. Thus, we conclude that it is the landlord's responsibility to determine in good faith whether the violation is one that reasonably can be cured by one of the means described in ORS 90.392(4), within the notice period required by ORS 90.392(4)(a)(A). If so, the notice must be given.

And if, as here, the landlord determines not to give notice of an opportunity to cure, and the tenant challenges

the termination on that ground, it is the landlord's obligation to establish that the violation could not reasonably have been cured within the 14-day minimum notice period that the landlord was required to provide. Here, the trial court found that, although the violations were subject to "eventual restoration," they could not have been cured within the 14-day period that plaintiff was required to provide. The trial court's finding is supported by evidence in the record. We therefore affirm the trial court's conclusion that the notice of an opportunity to cure was excused, reject defendant's assignments of error, and affirm the trial court.

Affirmed.